DENIS DUGGAN, Respondent, v. EDWARD G. MEYER and LILY G. MEYER, Appellants.

First Department, March 3, 1922.

**Vendor and purchaser — construction of contract — contract of sale construed not to require conveyance of land lying in bed of abandoned street free from incumbrances.**

A contract for the conveyance of certain lands described by metes and bounds through which an abandoned street ran, and which provided that the deed to be given thereunder should be in proper form for record, should contain the full covenant and warranty clauses so as to convey to the purchaser the fee simple of the premises free of all incumbrances except as therein stated, which included only certain leases and zone restrictions, did not require the defendants to convey the fee to said abandoned street free and clear of incumbrances from assessments which were subsequently discovered to have been assessed against it, but in view of the rider attached to the contract which provided that it was understood " that the title to so much of the above described premises as lies within the bed of the Old Quarry Road or Valentine Avenue is not to be included in the warranty of the sellers, but the sellers will convey all their right, title and interest that they may own in said " road, the defendants were only bound to convey any right, title or interest that they might have in said roadbed and were not bound to convey said roadbed free and clear of the incumbrances against it.

APPEAL by the defendants, Edward G. Meyer and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 26th day of July, 1921, upon ·the decision of the court rendered after a trial at the Bronx Special Term.

*Alexander S. Andrews* of counsel [*Edward J. Martin,* attorney for the appellant Lily G. Meyer; *William Carl,* attorney for the appellant Edward G. Meyer].

*Walter Fairchild,* for the respondent.

PAGE, J.:

The defendants, who are brother and sister, are tenants in common of a certain plot of land, .situated on Park avenue in the borough of the Bronx, which will be more particularly described hereafter.

The plaintiff and defendants entered into a contract for the sale of said land. In the contract the property is described as beginning at the corner of One Hundred and Seventy-eighth street and Park avenue west and running northerly along the west side of Park avenue 213.72 feet, more or less; thence westerly 64.84 feet more or less; thence southerly 213.72 feet to the northerly side of One Hundred and Seventy-eighth street, and thence easterly along the same 64.84 feet more or less to the point or place of beginning. " It· being understood that the sellers are to convey all the lands owned by said sellers in Block 3028 on the Land Map of the County of the Bronx."

Attached to the contract was a typewritten rider which reads as follows:

" And it being further understood that the title to so much of the above described premises as lies within the bed of the Old Quarry Road or Valentine Avenue is not to be included in the warranty of the sellers, but the sellers will convey all their right, title and interest that they may own in said Quarry Road or Valentine Avenue to the purchaser.

" It being further understood that in the event that the title to the above premises, except such portions thereof as lie in Quarry Road or Valentine Avenue, is unmarketable, the purchaser may reject the title and in the event of such rejection the liability of the sellers shall be limited to the return of the deposit paid upon signing of this contract plus the amount of the net charge of the Title Company for title examination of so much of said premises as do not lie in the bed of said Quarry Road or Valentine Avenue, and upon payment of the said amounts this contract shall be cancelled and neither party shall have any further claim against

the other and the purchaser will assign to the sellers all his right and interest in the application for title examination.

" It being further understood that no question as to the title of that portion of the described premises lying in old Quarry Road or Valentine Avenue shall be deemed a valid objection to title."

In explanation of this peculiarity of the contract, it was proved that the old Quarry road or, as it is sometimes called, Valentine avenue, ran diagonally through a portion of this property; that the defendants stated to the plaintiff that they did not have title to the land within the bed of this old road, but that the same had been fenced in by them or their predecessors in title and occupied for a period of more than thirty years.

When the parties met to draw the contract in the evening at an attorney's office they had no description of the boundaries of this road, and, therefore, this rider was prepared to exclude from the conveyances of the land the bed of this road and the defendants were only to convey their right, title and interest in and to the road. The plaintiff stated that he had theretofore taken title to an old road and had cleared the title through a proceeding for the registration of land titles, and the defendants, although it is not embodied in the contract, agreed to furnish him with all the information and evidence that they had in regard to the old Quarry road. Thereafter they furnished him with affidavits and certain documentary evidence and he instituted proceedings for a registration of the title to the road, and the matter was referred to an examiner. In course of the examination it was discovered that there were certain old assessments amounting to over $3,000, which with interest would amount to about $6,000, that had been assessed against the bed of the old road, and the whole controversy turns upon the construction of this contract.

The contract provides that the deed shall be in proper statutory form for record, shall contain the usual full covenants and warranty and shall be duly executed and acknowledged by the seller at the seller's expense, so as to convey to the purchaser the fee simple of said premises, free of all incumbrances except as therein stated, and those stated are certain leases and the zone restriction.

The plaintiff claims, and the justice below has held, that the bed of the old road was to be excepted from the covenant of warranty only, but that the seller was compelled to convey the same free and clear of all incumbrances; but the language of the rider is not alone that it is not to be included in the warranty of the sellers, but that the sellers will convey all their right, title and interest in said Quarry road to the purchaser, and the remaining provisions

of this rider show that the property lying in the old Quarry road was excluded from consideration as to all questions of title.

In my opinion, the contention of the defendants is correct that they were only to convey any right, title or interest that they might have, and where that is all that the seller is required to convey, the purchaser gets only what right, title and interest the seller had, burdened with all its defects of title or incumbrances. If the construction of the learned trial justice should be accepted, the defendants would be required to perfect and deliver a good title to the purchaser; for, although they could not be called upon in the future to warrant and defend under the covenant of warranty, nevertheless if they agreed to sell the land they would be required to tender a good title on the closing of the contract.

The judgment should, therefore, be reversed, with costs, the complaint dismissed and judgment granted for the defendants, with costs, on their counterclaim decreeing a specific performance of the contract. Or, inasmuch as neither of the parties knew of the existence of these assessments and as, with interest, they amount to a large proportion of the consideration to be paid for the property, the contract for the sale of the property may be canceled and set aside, without costs, on the ground that the same was entered into by mutual mistake, if the plaintiff so elects. The findings inconsistent herewith are reversed. Settle order on notice, containing the necessary findings of fact and conclusions of law.

Clarke, P. J., Dowling, Smith and Greenbaum, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, and judgment granted for defendants on their counterclaim decreeing specific performance of the contract, with costs; or, if plaintiff so elects, the contract for sale of the property may be canceled and set aside, without costs. Settle order on notice.